UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.: 05-074T |
| -V- | ) | CASE NO. |
| WILLIAM J. BENNETT. | ) | |

**DEFENDANT, WILLIAM J. BENNETT'S MOTION FOR EVIDENTIARY HEARING ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Now comes the Defendant, William J. Bennett, in the above-captioned matter, and respectively moves this Honorable Court, unless this Honorable Court sees fit to allow Defendant's Motion sua sponte, that the Court conduct an evidentiary hearing on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As grounds therefor, the Defendants states:

1. 28 U.S.C. § 2255 provides, in pertinent part, that "[u]nless the [§2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, [and] grant a prompt hearing thereon..."

2. In some cases, the "factual allegations are so 'palpably incredible,' so 'patently frivolous or false,' that it is clear the movant is not entitled to relief or even a hearing." Blackledge v. Allison, 431 U.S. 63, 76 (1977).

3. In the present case, the Defendant sets forth, in detail, the factual allegations in which he bases his claim for ineffective assistance of counsel in his Motion and Memorandum. These factual allegations provide that the Defendant has a palpable claim for relief and should not be summarily dismissed, without even an evidentiary hearing.

4. The allegations proffered by the Defendant entitle him to § 2255 relief, and the arguments contained in his § 2255 Motion and supporting Memorandum identify important issues of fact that were not developed at the Defendant's sentencing hearing or at any proceeding thereafter. See, Rosenwald v. United States, 898 F.2d 585, 588 (7th Cir. 1990)(holding that evidentiary hearing should be granted where pivotal issues of fact not fully developed at proceeding exist); Strouse v. Leonardo, 928 F.2d 548, 554 (2nd Cir. 1991)(finding that evidentiary hearing was needed to investigate counsel's alleged conflict of interest).

**CERTIFICATE OF SERVICE**

I, William J. Bennett, hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office, for the District of Rhode Island, by First Class mail this 24 day of January 2008.

William J Bennett

William Bennett
Reg. 05635-070
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, -V- WILLIAM J. BENNETT. | ) | CR. NO.: 05-074T CASE NO. |

**DEFENDANT, WILLIAM J. BENNETT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PRISONER IN FEDERAL CUSTODY**

## I. HISTORY OF THE CASE

On September 15, 2005, Petitioner pled guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1), having been charged by way of an indictment on June 15, 2005.

On March 15, 2005, the Westerly, Rhode Island Police retrieved a stolen 9mm hand gun, which they were told had been purchased from Petitioner and Petitioner later admitted to selling the gun. On June 15, 2005, a federal Grand Jury returned a one count indictment charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Petitioner, upon the advice of counsel, entered into a plea agreement with prosecutors on August 22, 2005 and pled guilty to the charge three (3) weeks later on September 15, 2005.

Based on the prior Rhode Island convictions for breaking and entering, the United States Probation Office (USPO) concluded that Petitioner was subject to a mandatory minimum sentence of 180 months under the ACCA. Absent the USPO's determination that Petitioner was an armed career criminal, Petitioner would have been subject to an advisory guideline range of 24-30 months.

Petitioner objected to the USPO's determination, arguing that his 1994 Rhode Island conviction for breaking and entering a steel storage shed did not constitute a crime of violence and therefore did not qualify as a predicate for the ACCA sentencing enhancement.

At the Rhode Island plea colloquy, the state prosecutor stated that the government would be prepared to prove at trial that the defendant "entered a steel storage shed ... belonging to [another] with intent to commit a larceny in the nighttime." Petitioner agreed with this statement based on a reading of the statute under which Petitioner was

convicted, the district court found that Petitioner was properly classified as an armed career criminal and sentenced him to 180 months imprisonment. Petitioner appealed the district court's decision to the United States Court of Appeals, for the First Circuit. The First Circuit affirmed the lower court's decision on November 26, 2006. The Supreme Court of the United States denied Petitioner's petition for a Writ of Certiorari on March 26, 2007.

Petitioner now brings this Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody as a result of Petitioner's counsel's ineffectiveness in representing him in connection with the preparation, negotiation and execution of his Plea Agreement. Petitioner's counsel was ineffective because he permitted Petitioner to enter into a Plea Agreement that failed to establish by agreement whether Petitioner was an armed career criminal. As a result, Petitioner has been denied his Sixth Amendment right to be represented by counsel. Accordingly, his plea should be vacated or set aside.

## II. STATEMENT OF FACTS

In connection with the development of the Plea Agreement and his plea, Petitioner was represented at all

times by Kevin Fitzgerald of the Federal Defender Office.

A critical issue that had to be resolved as part of the Plea arrangements was whether Petitioner was to be considered an armed career felon. If he were treated as an armed career felon, he would receive as a minimum 180 month sentence. If on the other hand, he were not subject to the ACCA classification he would be subject to a sentencing range of 24-30 months, pursuant to the sentencing guidelines.

In a hastily concluded Plea Agreement, Mr. Fitzgerald failed to resolve whehter Petitioner was indeed an armed career criminal subject to a 15 year sentence for the sale of a $200.00 hand gun. Mr. Fitzgerald had Petitioner, against his will, execute the Plea Agreement, although the critical issue of Petitioner's prior record was left unresolved. Mr. Fitzgerald led Petitioner to believe that he would be sentenced within the 24-30 month guideline range, notwithstanding the fact that the Plea Agreement failed to resolve Petitioner's prior status (Attached as Exhibit 'A' is a copy of the Plea Agreement).

The Rhode Island statute to which defendant pled guilty in 1994 was entitled "Breaking and entering other buildings with criminal intent - Railroad cars - Tractor trailers." R.I. Gen. Laws § 11-8-5.

The statute states in full:

> Every person who shall break and enter or enter in the nighttime, with intent to commit larceny or any felony or misdemeanor in it, any barn, stable, carriage house, of other building, for the breaking and entering or entering of which with that intent no punishment is otherwise prescribed by this title, and every person who shall at any time break and enter or enter a railroad car or the trailer portion of a tractor trailer or break any lock or seal on it with intent to commit larceny or other crime, shall be imprisoned not exceeding ten (10) years.

R.I.Gen.Laws § 11-8-5.

This state statue defines burglary more broadly than generic burglary because it criminalizes, among other things, the "break[ing] and enter[ing] [of] any railroad car or the trailer portion of a tractor trailer or the break[ing] [of] any lock or seal on it with intent to commit larceny or other crime." R.I. Gen.Law § 11-8-5.

Petitioner pled guilty to a violation of 18 U.S.C. § 922(g). For sentencing purposes, the USPO contended that Petitioner was subject to a sentence enhancment under 18 U.S.C. § 924(e). § 924(e) states that:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious

> drug offense, or both ... such person shall be fined not more that $25,000 and imprisoned not less than fifteen years ...
>
> (2) As used in this subsection-
>
> (B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that-
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e).

In resolving a circuit split concerning the definition of burglary under § 924(e), the Court held that:

> a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Taylor, 495 U.S. 575, 598 (1990).

The types of buildings to which the Rhode Island statute refers, such as barns, stables, and presumably, steel storage sheds, clearly fit within Taylor's definition of generic burglary; they are, by the plain language of the statute, "buildings or other structures." They clearly do not comprise such items as automobiles, boats, railroad cars, tents, or vending machines, which Taylor rejected at "structures" for purposes of generic burglary. Taylor also rejected the idea that state law defines the contours of burglary under the ACCA, and therefore we decline to look in Rhode Island law to resolve this question. Furthermore, because the statute at issue plainly concern the burglary of "buildings" as opposed to smaller enclosed spaces such as storage lockers. Petitioner was convicted of "entering" into a steel storage shed, and therefore the structure was large enough to be entered by a person. Thus this case does not raise any issue about structures not large enough to permit human entry.

As a result, Fitzgerald should have known that by leaving unresolved the issue of Petitioner's status, he was in fact condemning Petitioner to a 15 year minimum sentence. Fitzgerald never advised Petitioner of any of this.

Indeed, it was made clear by the sentencing court that the real issue confronting Petitioner was whether the breaking and entering is a violent felony within the meaning of Section 924(e). As the Court stated:

> "... it seems to me that the real issue here is whether the offense referred to in paragraph 35 of the pre-sentence report, which describes the offense simply as a breaking and entering or conviction under the statute that prohibits breaking and entering into other buildings with intent to commit larceny, whether that is a violent felony within the meaning of Section 924(e)..." (Page 3 of Sentencing transcript attached hereto as Exhibit B).

This "real issue" should have been resolved in the drafts of the Plea Agreement, so that Petitioner would have known what to expect. In that case, Petitioner would have been capable of making an informed decision whether to accept the plea arrangement, or proceed to trial, which he was not able to make because of the misrepresentation of his ineffective counsel.

## III. <u>ARGUMENT</u>

Claims of ineffective assistance of counsel raise a cognizable constitutional issue that can serve as the basis of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

United States v. Giardion, 797 F.2d 30, 31 (1st Cir. 1986). The Sixth Amendment to the United States Constitution provides that in criminal prosecutions the accused shall have to assistance of counsel for his or her defense. The United States Supreme court has held that this right includes the right to effective assistance of counsel. McMann v. Richarson, 397 U.S. 759, 771 n.14 (1970); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); Bonneau v. United States, 961 F.2d 17, 19 (1st Cir. 1992), citing, United States v. Wade, 388 U.S. 218, 225 (1967). Pursuant to this constitutional mandate, a defendant is entitled to reasonably competent assistance of counsel from pre-plea investigation and preparation through advocacy at sentencing. United States v. Garcia, 689 F.2d 31, 33-34 (1st Cir. 1983).

The United States Supreme Court has held that in order for a prisoner to show that counsel's assistance was so ineffective at the sentencing stage to warrant vacating or correcting a sentence under 28 U.S.C. § 2255, the prisoner must show: (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that the defendant has been prejudiced by such conduct, i.e., it was "reasonably probable" that the defendant would have received a more favorable result. Strickland v Washington, 466 U.S. 668, 687-688, 692 (1984); United States v. Pellerito, 878

F.2d 1535, 1538 (1st Cir. 1989); United States v. Giardino, 797 F.2d 30, 31 (1st Cir. 1986). Under the first prong of the test, the prisoner must show that in light of all the circumstances present at the time counsel's acts or omissions "were outside the wide range of professionally competent assistance." Tejeda v. DuBois, 142 F.2d 18, 22 (1st Cir. 1998). Under the second prong, the prisoner must show a reasonable probability the proceedings would have been different. Strickland V. Washington, 466 U.S. at 694. The phrase "a reasonable probability" imposes a burden of proof that is lower than the preponderance of the evidence standard. See, e.g., Nix v. Whiteside, 475 U.S. 157 (1986). In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court further explained that "the 'prejudice' component of the Strickland test ... focuses on the question whether counsel's deficient performance renders the result of the proceeding unreliable or the proceedings fundamentally unfair."

Applying this standard to the present case, the Court is compelled to conclude that the Petitioner was deprived of effective assistance of counsel by Attorney Fitzgerald's failure to either obtain a Plea Agreement that stated that Petitioner was not a career violent criminal or take the Petitioner to trial.

In any event, Fitzgerald should never have permitted Petitioner to enter into a Plea Agreement where the range of possible outcomes was as extreme as the difference between 24 months and 15 years.

Indeed, it is clear that had it been determined that Petitioner was to be sentenced as an armed career criminal as part of the plea arrangements, he would not have pled guilty and faced a 15 year sentence. Had Petitioner gone to trial, it is clear that the only witness against him would have been an individual with his own prior record, whose testimony would have been suspect. Accordingly, had Fitzgerald been effective, or at least honest with Petitioner, it is unlikely Petitioner would be serving a 15 year sentence for alleged sale of a $200 hand gun.

Sometimes it could be said that a petitioner was knowledgable of the difficulties his counsel was creating for him. That is not the case here. Petitioner has little if any education, no legal sophistication to say the least, and was entirely reliant on the words of his counsel. When Fitzgerald advised Petitioner he would serve 24 months for a $200 hand gun sale, he agreed to enter the plea. Petitioner never appreciated that he could face a 15 year sentence. Fitzgerald's conduct, therefore, fell below any reasonable standard of effectiveness.

As to the second prong of the Strickland test, there is certainly a reasonable probability that the outcome would have been different had Fitzgerald effectively negotiated the plea agreement or properly advised Petitioner that under applicable law it was more likely than not that he would be deemed an armed career criminal, as the relevant statutes and case law established.

Indeed, had Fitzgerald properly negotiated a plea agreement, it would not have provided for a range of possible sentences from 24 months to 15 years. Furthermore, had Fitzgerald properly advised Petitioner regarding the likelihood that he would be sentenced as a career armed criminal, Petitioner would never have pled guilty or executed the Plea Agreement. Given the absence of any credible witnesses against him, the outcome of a trial would have been problematic at worst. The most likely outcome very well could have been a not guilty verdict.

**In sum, Petitioner is presently serving a 180 month sentence for the sale of a $200 hand gun because the ineffectiveness of his counsel, in whom he placed his trust. It is clear this trust was misplaced.**

Wherefore, by all of the above, the Defendant respectfully requests that unless this Honorable Court sees fit to allow Defendant's Motion sua sponte, that the Court conduct an evidentiary hearing on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

THE DEFENDANT,

WILLIAM J. BENNETT

By: William J. Bennett
William J. Bennett,
Pro Se Petitioner

F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CONCLUSION

Based on the foregoing, this Honorable court is respectfully urged to grant this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's sentence, and order such relief as it shall deem reasonable and just.

Dated: January 22, 2008.

Pro Se Petitioner,

William J. Bennett

William J. Bennett
Reg. 05635-070
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

**CERTIFICATE OF SERVICE**

I, William J. Bennett, hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office, for the District of Rhode Island, by First Class mail this 24 day of January 2008.

William Bennett

William Bennett
Reg. 05635-070

F.M.C. Devens
P.O. Box 879
Ayer, MA 01432