IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 05-74T |
| | ) | |
| WILLIAM J. BENNETT | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant U. S. Attorney, and objects to the defendant's Motion To Vacate, Set Aside, Or Correct His Sentence Pursuant To 28 U.S.C. § 2255 for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 3rd day of March, 2008, I caused the Within Government's Motion Objecting to Defendant's Motion To Vacate, Set Aside, Or Correct His Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying memorandum, by first class prepaid mail to:

William J. Bennett
Reg. No. 05635-070
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Cr. No. 05-74T |
| v. | : | |
| | : | |
| WILLIAM J. BENNETT | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

Petitioner's argues that his counsel in the District Court was constitutionally inadequate in that before petitioner pleaded guilty counsel did not negotiate an agreement with the government that petitioner was not an armed career criminal as defined by 18 U.S.C. § 924(e). Petitioner says that he was unaware that he faced a possible fifteen year sentence if he pleaded guilty to an "alleged sale of a $200 handgun."

First, the government would not have agreed that petitioner was not an armed career criminal. That was for the court to decide during the sentencing phase. Second, the record is clear that petitioner was aware that he faced a possible fifteen year sentence. Third, it was in petitioner's benefit to have pleaded guilty. He thus avoided a sentence higher than fifteen years. His motion should be denied.

## II. FACTS

The following are the government's facts as set forth in the presentence report to which petitioner did not object.

On March 10, 2005, one Thomas Brett called the Westerly Police to report that his house had been burglarized sometime after noon on March 8. There were many items stolen including four handguns.

On March 11th a tip led the police to call a Mac Hindle about one of the stolen guns, a Jennings 9mm. Hindle said that on March 9th he got a telephone call at his apartment in Westerly from his upstairs neighbor, Cindy O'Malley, who is William Bennett's sister. She told him that Bennett had a pistol for sale.

Sometime later William Bennett arrived at Hindle's apartment, came in and showed Hindle a Jennings 9mm in a leather shoulder holster. Hindle gave $200 to Bennett and Bennett gave him the gun and holster.

After talking to the police Hindle took them to this apartment and gave them the Jennings 9mm. It was one of the stolen guns.

The police knew Bennett had a felony record so they went to his house and asked him if he would come down to the police station to talk about a gun. Bennett came down, was read his rights, and was asked about the Jennings 9mm. Bennett denied breaking into anyone's house but did admit to selling Hindle the gun.

Further tips led the police separately to two other men. One was a small-time drug dealer who turned over another one of the stolen guns to the police. He said that he had bought it from Bennett. The other man was a felon from nearby Connecticut who also turned over another of the stolen guns to the police. He said that he had bought it from Bennett.

Bennett has a felony record and the gun was not manufactured in Rhode Island. Two other felons were charged by the State of Rhode Island with committing the burglary. Bennett

was not charged with burglary; there was insufficient proof that he had committed it.

After being indicted as a felon in possession of a firearm, petitioner pleaded guilty. His counsel contested the ACC designation and lost. Petitioner received the mandatory minimum sentence: fifteen years.

## III. THE LAW

a. Timeliness

It appears that this motion is timely in that it was filed January 24, 2008 which is within the one year time period from the denial of petitioner's petition for writ of certiorari by the U.S. Supreme Court on March 26, 2007.

b. Ineffective Assistance Claims

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance "fell below an objective standard of reasonableness:"; and

(2) "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance:

> [T]he Court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F.Supp, 2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st cir. 1994) and citing Strickland, 466 U.S. at 688). Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693.

## IV. ARGUMENT

It is clear from both the plea agreement and the plea colloquy that defendant was well aware that he could face a mandatory minimum sentence of fifteen years if he were found to be an armed career criminal. The agreement specifically states that if the court finds "that he shall be sentenced pursuant to 18 U.S.C. § 924(e)(1) there is a minimum sentence of fifteen years imprisonment." Exhibit A, p.3. In the plea colloquy defendant said that he has been read the plea agreement by his lawyer and that he understood it. Exhibit C, p. 12.

During the plea hearing the prosecutor told the court that there was going to be a disputed issue as to whether one of petitioner's burglaries qualified as a violent felony, and that this had a bearing as whether he was an armed career criminal. Exhibit C, pp. 3,4. The court further informed petitioner of the possibility that he could be found to be an armed career criminal and thus receive a minimum sentence of fifteen years. Exhibit C, p. 14. Furthermore the court made a finding that defendant understood the nature and consequences of the plea. At the plea hearing the court read defendant the rights he was giving up by pleading guilty, including his right to a trial. Exhibit C, p.15.

Defense counsel's strategy in this case made sense. The evidence that petitioner committed the crime of being a felon in possession of a firearm was very strong: the gun buyer was prepared to testify that the gun was sold by petitioner in a hand-to-hand exchange in the buyer's own apartment, the gun was recovered from the buyer by the police and petitioner

admitted to the police that he had made the sale of the gun. Defendant has a number of felony convictions. This was not a case of a gun recovered from a concealed place in a car or apartment with no confession by the felon later charged with possessing the gun. It is highly unlikely that defendant would have won at trial.

By pleading guilty to the charge, defendant put himself in a position to get the benefit of a guidelines reduction both if he were found to be an armed career criminal and if he were not. If defendant had not pleaded guilty but instead had been found guilty after trial he would not have received a 3 level reduction in guideline offense level and the agreement by the government to recommend the higher of either the 15 years or the minimum applicable guideline range.

With the plea the probation officer calculated the offense level as 30 and the criminal history as IV (if petitioner were an armed career criminal). That range is 135-168, below the mandatory minimum of 180 months. If he had not pleaded he would have had an offense level of 33 and criminal history category of IV. This would have given him a range of 188-235 months. He would not have been eligible for a 180 month sentence and, given his history of violence, could have received a 235 month sentence. If petitioner were not found to be an armed career criminal, then his offense level would have 13 and criminal history category of III.. Whether he won or lost the ACC argument, it benefitted petitioner to have pleaded guilty.

Given the unsettled state of the law on what constitutes a violent felony under 18 U.S.C. 924(e), it made sense for counsel to argue that there was insufficient proof that defendant's prior crime constituted a burglary. As this court said, "This is an issue that continues to plague this court and other courts, and every time it seems that we have some definitive rules that we get a different factual situation, slightly different wrinkle."

Defense counsel's level of performance fell well within the generally accepted boundaries of competence and provided reasonable assistance under the circumstances. Petitioner was in a difficult position and took the best course open to him.

## V. CONCLUSION

Petitioner's motion should be denied.

Respectfully submitted,
ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

## CERTIFICATE OF SERVICE

On this 3rd day of March, 2008, I caused the Within Government's Motion Objecting to Defendant's Motion To Vacate, Set Aside, Or Correct His Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying memorandum, by first class prepaid mail to:

William J. Bennett
Reg. No. 05635-070
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov