UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v.

WILLIAM J. BENNETT

Cr. No. 05-074-T
C.A. No. 08-040-T

**MEMORANDUM AND ORDER DENYING SECTION 2255 MOTION**

Ernest C. Torres, Senior United States District Judge.

William J. Bennett has filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is denied.

## Background

Bennett pled guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Bennett's plea agreement stated: (1) that if the Court determined him to be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1), he would face a minimum sentence of 15 years imprisonment and a maximum of life imprisonment but that, otherwise, the maximum term of imprisonment would be 10 years imprisonment (Plea Agreement ¶ 5); and (2) that the Court was not bound by the Government's recommendations and was free to impose any sentence it deemed appropriate, up to and including the statutory maximum. (*Id.* ¶11). During the plea colloquy, Bennett confirmed that he had read the Plea Agreement; that he had discussed it with his counsel; that he understood it; and that he

voluntarily signed it. (Id. ¶¶ 15, 16). After the AUSA explained that parties disagreed as to whether Bennett's criminal record made him an armed career criminal, this Court questioned Bennett as follows:

> Q. Also, do you understand, as Mr. Chafee earlier said, and as is set forth in your plea agreement, you understand that if your guilty plea is accepted -- well, first of all, as Mr. Chafee indicated, there's going to be some disagreement here between the United States Attorney and Mr. Fitzgerald as to what guideline range applies in your case, whether you do have enough previous convictions to classify you as an armed career criminal or not, and that will make a difference in your guideline range. Do you understand that?
>
> A. Yes, your Honor.
>
> Q. But do you also understand that if your guilty plea is accepted, <u>you could receive a sentence of at least 15 years and up to life in prison if you're found to be an armed career criminal, and followed by a period of supervised release of at least five years and up to life</u>, a fine of $250,000 and a special assessment of at least $100. And if you're not an armed career criminal, if you're not found to be an armed career criminal, then your sentence would be -- could be up to 10 years in prison followed by up to three years of supervised release, a fine up to $250,000, and a special assessment of $100. You understand that?
>
> A. Yes, your Honor.
>
> (Plea Tr. at 13-14). (Emphasis added)

The presentence report (PSR) prepared by the U.S. Probation Office showed that Bennett had three prior convictions for crimes of violence, which made him an armed career criminal under 18 U.S.C. § 924(e) and elevated his guideline range from 24-30 months to 135-168 months. (PSR ¶ 22).

Bennett objected to the armed career criminal designation, and

his counsel filed two memoranda arguing that Bennett's prior state conviction for breaking and entering a storage shed in violation of R.I. Gen. Laws § 11-8-5 (Dkt. No. W2/94-0326A) did not qualify as a crime of violence. At the sentencing hearing, counsel pressed that objection but this Court found that the offense was a crime of violence. Consequently, this Court imposed the mandatory minimum sentence of 15 years. (Sentencing Tr. 14-19)

Bennett's challenge to that finding was rejected by the Court of Appeals which affirmed Bennett's conviction and sentence. See United States v. Bennett, 469 F.3d 46 (1st Cir. 2006).

In his Section 2255 motion, Bennett claims that his counsel provided ineffective assistance by: (1) permitting Bennett "to enter into a Plea Agreement that failed to establish by agreement whether [he] was an armed career criminal;" and (2) advising Bennett to plead based on an erroneous estimate of the potential sentence he might receive.[1]

---

[1] Bennett has requested an evidentiary hearing on his claims. However, no hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'") (citation omitted). See also Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing is required where the district judge is thoroughly familiar with the case). Thus, his

## Analysis

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate: (1) "that counsel's performance fell below an objective standard of reasonableness;" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed.2d 674 (1984).

Bennett's claim rests on the assertion that he was not informed that he faced the possibility of a 15 year minimum sentence and that, if he knew that, he would not have pled. However, that assertion is flatly contradicted by the record.

Bennett's plea agreement clearly provides that, if classified as an armed career criminal, he would be subject to a minimum sentence of 15 years. (Plea Agreement ¶5). Furthermore, the possibility of a 15 year mandatory minimum was specifically explained to Bennett at the change of plea hearing, and Bennett stated that he understood.

Nor can Bennett's counsel be faulted for failing to persuade the Court that Bennett was not an armed career criminal. Counsel submitted two thoughtful memoranda on the subject and, at the sentencing hearing, ably argued that Bennett's burglary conviction

---

request for hearing will be denied.

did not qualify as a predicate offense.

## Conclusion

For all of the foregoing reasons, Bennett's motion to vacate under Section 2255 is hereby DENIED and dismissed.

SO ORDERED:

*Ernest C. Torres*
Ernest C. Torres
Senior United States District Judge

March 13, 2009